In the Matter of the Construction of the Will of
BARBARA SCHREIBER, Deceased.

Surrogate's Court, New York County, June 23, 1948.

*Samuel L. Chess* and *Robert Ratner* for Anna T. Koch, as executrix of Barbara Schreiber, deceased, petitioner.

*John J. Fitzgerald* and *James J. Keefe* for St. Joseph's Normal Institute, respondent.

COLLINS, S. This is a proceeding for construction of decedent's will. At the date of decedent's death she was the owner of a four-fifths interest in real property known as 510 Second Avenue, New York City. Her brother, Peter Schreiber, was the owner of the remaining one-fifth interest in the property. The second article of decedent's will reads: " I give, devise and bequeath unto my brother, PETER SCHREIBER, now known as BRO. CHARLES ALFRED, connected with ST. JOSEPH'S HEALTH RESORT at Dearborn, Michigan, the sum of FIVE THOUSAND and 00/100 ($5000.00) DOLLARS, representing his share of the equity in premises known as and by the street number 510-2nd Avenue, Borough of Manhattan, City and State of New York, absolutely and forever." The will contains no other explicit reference to this particular property but the seventh article of the instrument devises and bequeaths all the residuary estate, real and personal, to five nieces of decedent. The will nominates two of the nieces as executrices and gives them a power to sell real estate. One of the nieces has been appointed executrix of the estate and is the petitioner in this proceeding.

Testatrix died in the year 1942. The petition alleges that decedent left no personal property and also states that she left no debts. The account of the executrix has not been judicially settled and except for such statements in the petition the estate finances are not otherwise before the court. The

executrix has entered into a contract to sell the four-fifths interest in the realty for the sum of $6,500.

Decedent's brother survived her for approximately 3½ years. The administrator *c. t. a.* of the brother's estate appears herein and contends that the second article of the will provides for a bequest of $5,000 which is a charge upon decedent's interest in the real property. The petitioner, who is a residuary devisee, asserts that she and the other residuary beneficiaries are entitled to the full proceeds of the contract of sale.

The court holds that the second article of the will provides for a legacy on condition. The legacy of $5,000 was payable to the decedent's brother on condition that he would convey to his sister's estate his one-fifth interest in the real property. The executrix of this estate was obligated to pay the bequest if the net personal property of the estate was sufficient for that purpose and provided there was compliance with the condition of the gift. The primary presumption is that testatrix intended the bequest to be payable out of personal property only, since section 47-d of the Decedent Estate Law, as enacted in the year 1947 (L. 1947, ch. 521), is not applicable to this will. There is nothing in the will to indicate an intention that any pecuniary legacy be made a charge upon real property. The suggestion that such intention may be found in the grant of the power of sale must be rejected. Such suggestion imputes to decedent an intention to cause an 80% interest in real property to be sold for the purpose of acquiring a 20% interest in the same property. The apparent purpose of decedent was to obtain, through payment of the legacy, the outstanding minority interest in the realty so that added to the interest held by her in her lifetime the entire fee would be acquired. To effectuate an exchange of the major interest for a minor fractional interest plus some cash would seem to be futile. If the finances of the estate are such as not to permit the satisfaction of the legacy from estate assets other than real property the legacy will abate.

Submit decree on notice.